JUDGE SULLIVAN

PREET BHARARA
United States Attorney for the
Southern District of New York
By:  KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
Fax No. : (212) 637-2717
Kathleen.Zebrowski@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 5601

-------------------------------------------------------------x

UNITED STATES OF AMERICA,

                         Plaintiff,

             - v. -

MONICA WILLENS,

                     Defendant.

-------------------------------------------------------------x

**COMPLAINT**

12 Civ.

RECEIVED
JUL 20 2012
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff United States of America (the "United States"), by and through its

attorney, Preet Bharara, United States Attorney for the Southern District of New York, alleges

upon information and belief that:

    1.     Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

    2.     Defendant Monica Willens (the "defendant") resides at 450 N. End Ave,

Apt. 8A, New York, New York, 10282, within the Southern District of New York.

    3.     Defendant applied for and received a student loan from the lender whose

name is set out in the defendant's promissory note(s) evidencing the loan, copies of which are

annexed hereto as Exhibit A and incorporated herein.

    4.     Defendant defaulted on said note(s) and owes the amount said note(s) and

interest.

5.     The United States is the assignee and present holder of said note(s).

6.     The amount due and owing plaintiff by defendant on said note(s) is $4,286.93, plus interest in the amount of $2,595.06, as of July 19, 2012, with interest accruing thereafter at the rate of nine percent per annum.  A Certificate of Indebtedness from the United States Department of Education is annexed hereto as Exhibit B and incorporated herein.

<u>SECOND CAUSE OF ACTION</u>

7.     Plaintiff repeats and realleges the allegations contained in paragraphs numbered one through six.

8.     Plaintiff insured the aforementioned note(s) pursuant to Title IV of the Higher Education Act of 1965, Public Law 89-329.

9.     The lender made an insurance claim on the United States for the amount of the lender's loss arising from the defendant's default on said note(s), which claim has been paid by the United States to the lender.

10.    Plaintiff is entitled to be indemnified by defendant in the amount of $6,881.99 as of July 19, 2012, with interest accruing thereafter at the rate of nine percent per annum.

WHEREFORE, plaintiff demands judgment against defendant in the amount of $6,858.80 plus interest as provided by law to the date of judgment and interest from the date of judgment at the legal rate until paid in full, together with costs and disbursements and for such other and further relief as this Court deems just and proper.

Dated: New York, New York

July 19, 2012

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff

By: _____
KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Telephone No.:  (212) 637-2710
Fax No.:        (212) 637-2717

EXHIBIT A

STUDENT LOAN MARKETING ASSOCIATION
SMART LOAN Originations Center
P.O. Box 1304
Merrifield, Virginia 22116-1304

8A.

# Application/Promissory Note

ENTERED FEB 2 5 1988

## Section I: Personal Information

1. LAST NAME: Grossbaum   FIRST NAME: Monroe   MIDDLE INITIAL: S

1A. PRIOR NAME (See instructions)

2. NUMBER AND STREET: 434 E. 84th St #35

2. SOCIAL SECURITY NUMBER:

3. CITY: NY   STATE: NY   ZIP: 10028

3. DATE OF BIRTH (MONTH/DAY/YEAR):

4. DAYTIME TELEPHONE:
   EVENING TELEPHONE: 212 737-62

5. My Employer is:
   COMPANY NAME: Not Employed
   NUMBER AND STREET:
   CITY: STATE: ZIP:

6. Name and Address of a Relative Who Does Not Live With Me
   LAST NAME: FIRST NAME: MIDDLE INITIAL:
   NUMBER AND STREET:
   CITY: STATE: ZIP:

7. Name and Address of a Non-Relative
   LAST NAME: FIRST NAME: MIDDLE INITIAL:
   NUMBER AND STREET:
   CITY: STATE:
   TELEPHONE:

## Section II: Student Loan Information (Please read instructions carefully.)

| 8. NAME AND ADDRESS OF CREDITOR | 9. "X" IF APPROPRIATE (See below) | 10. TYPE OF LOAN (GSL, etc.) | 11. INTEREST RATE | 12. DATE OF DISBURSEMENT MONTH/YEAR | 13. ACCOUNT NUMBER | 14. ESTIMATED CURRENT OUTSTANDING BALANCE |
|---|---|---|---|---|---|---|
| 1. Student Loan Marketing Assoc | X | GSL | 7% | 12/80 | | $2500 |
| 2. " " | X | GSL | | 12/81 | | $2500 |
| 3. " " | X | GSL | 7% | 1/84 | | $2500 |
| 4. " " | X | GSL | 7% | 1/85 | | $5000 |
| 5. | | | | | | |
| 6. | | | | | | |

Enter an "X" in this column if you have selected the loan for consolidation. **A**   (If you need to list additional loans, attach another sheet.)

If any of the loans indicated above are GSLs and if you are currently in your grace period on these loans, please complete the upper right hand corner of the application (Item 8½), by writing the word "grace" and indicating the date your grace period will end.

To Sallie Mae: By means of this application, I am applying to have my loans consolidated into a SMART LOAN Account at Sallie Mae, as allowed under Section 428C of the Higher Education Act of 1965, as amended ("The Act"). If Sallie Mae accepts this application, it is my understanding Sallie Mae will advance funds on my behalf to creditors who currently hold eligible loans named above which I herein select for consolidation in my SMART LOAN Account. The funds so advanced by Sallie Mae will be disbursed to the holder(s) of the loans designated above in order to pay off those loans. I further understand that the amount of my SMART LOAN will equal the sum of the amounts which my creditors verify are the pay-off balances on the selected loans. This amount may be more or less than the estimated total balance I have indicated above. If the verified total balance on loans to be consolidated exceeds my estimate by $500 or more, Sallie Mae will notify me before originating my loan. If the amount that Sallie Mae advances to my lender exceeds the amount needed to pay off my balance, I understand that the lender will refund the excess to Sallie Mae for application against the outstanding balance of my SMART LOAN account. Similarly, if I am consolidating ALAS (now called SLS, Supplemental Loans for Students) loans and my interest rate on my consolidation loan is higher than 9%, Sallie Mae will notify me prior to originating the SMART LOAN.

## Section III: REPAYMENT OPTIONS/Combined Payment Plan

All Borrowers: Check One

15. ☐ I choose the MAX-2 OPTION with two years of interest-only payments.   ☒ I choose the MAX-4 OPTION with four years of interest-only payments.   ☐ I choose a LEVEL PAYMENT PLAN.

HEAL Borrowers:

16. ☒ Yes. I am applying for a Combined Payment Plan. Please include in this plan all of the HEAL loans listed above.

## Section IV: General Information (Please read and sign in both places indicated.)

I PROMISE TO PAY

Change of Address I agree to notify Sallie Mae promptly concerning any change of address.

**Evidence of Loan** This application/promissory note is evidence of a consolidation loan made pursuant to Section 428C of the Act, (defined above).

**Security and Endorsement; Defenses** This loan is made without security and without endorsement, except that if I am a minor and this application/promissory note would not, under applicable law create a binding legal obligation, endorsement may be required. I understand that, by accepting a consolidation loan, I undertake a new obligation, which is not subject to any defenses I might have with respect to the loans selected for consolidation.

**Interest**

1. This loan will bear interest at an annual rate which is fixed for the term of the loan. If all the loans I am consolidating bear interest at a rate of nine percent or less, the interest rate on the SMART LOAN℠ Account will be nine percent per annum. If any of my fixed rate ALAS/SLS loans are to be consolidated, they will first be refinanced at the rate specified in Section 427A(c)(4) of the Act, if that rate is lower than my current fixed rate on such ALAS/SLS loans, and then be immediately consolidated with the SMART LOAN Account. I will not receive any separate documentation evidencing refinanced ALAS/SLS loans. The interest rate on SMART LOAN Accounts that include ALAS/SLS loans will be the greater of (a) nine percent per annum or (b) the weighted average of all the loans consolidated, rounded to the nearest whole percent.
2. I will pay all interest that accrues on this loan commencing on the date of disbursement. The government will not pay interest that accrues during deferment periods on my behalf.
3. Sallie Mae may add interest that is not paid when due and interest that accrues during authorized deferment and forbearance periods to the unpaid principal balance of this loan no more frequently than annually and, in the case of deferment or forbearance, at the beginning of the recommencement of the repayment period.

**Grace Period and Repayment of Principal** My first payment will be due within sixty days of the date of disbursement of my SMART LOAN account. The repayment schedule to be furnished to me will establish repayment terms, including the length of the repayment period, based on information I have furnished on this application/promissory note. The minimum installment payment is equal to not less than the accrued unpaid interest. By consolidating the selected loans, I forego the remainder of any grace periods on such loans. Sallie Mae may adjust my repayment schedule if it determines that any of the loans listed herein are not eligible or do not qualify as "other student loans" for purposes of determining the repayment period.

My repayment period will be between 10 and 25 years in length, depending on the amount of my student loan indebtedness, and any period for which Sallie Mae has granted a deferment or forbearance will not be included in determining the 10- to 25-year period.

**Deferment** To the extent authorized by federal statute, payments of principal will be deferred, but interest will accrue, in the following circumstances:

1. While I am pursuing
   A. A full-time course of study as determined by an eligible institution;
   B. At least a half-time course of study as determined by an eligible institution, provided that I have received a loan under the GSL or ALAS/SLS program for that enrollment period;
   C. A course of study in a graduate fellowship program approved by the U.S. Secretary of Education; or
   D. An approved course of study in a rehabilitation training program for disabled individuals approved by the U.S. Secretary of Education.
2. For a period not in excess of three years during which
   A. I am temporarily totally disabled, as established by sworn affidavit of a qualified physician; or
   B. I am unable to secure employment by reason of the care required by a spouse or dependent who is temporarily totally disabled, as established by sworn affidavit of a qualified physician.
3. For not in excess of 24 months, at my request, during which I am seeking and unable to find full-time employment.

Any period of authorized deferment shall not be included in determining the repayment period. To be granted a deferment, I must provide Sallie Mae with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists. I understand that, by consolidating the selected loans, I forego certain deferments allowable for such loans.

**Prepayments** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time.

Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act 1981 (10 U.S.C. 2141, note). I understand that questions concerning such circumstances should be addressed to my local service recruiter. Those circumstances are part of a recruiting program and do not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

**Forbearance** If I am unable to make my scheduled payments for reasons of hardship, I may be eligible for forbearance as provided for by guarantor policies.

**Credit Bureau Notification** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, Sallie Mae or the guarantor will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. Sallie Mae or the guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days. Upon my request, Sallie Mae must provide information on the repayment status of this loan to a credit bureau organization and must provide a timely response to any request from that organization for a response to objections I might raise about the accuracy and completeness of information reported about me.

All rights, title and interest of the undersigned hereby assigned without warranty, except that the ... to the New York State Higher Education Services Corporation.

Greater New York Student Loan Repayment

**SALLIE MAE COPY**

loans selected for consolidation as provided by the creditors of such loans and may ... hereof and have received a copy of this application/promissory note, and agreed to the conditions and authorizations stated in the terms hereon and on the reverse side hereof.

**APPLICANT CERTIFICATION**

By my signature I certify that I am in repayment status or in a grace period preceding repayment, and not ninety days or more delinquent on any of the loans I have chosen for consolidation that are listed above. All of the loans selected for consolidation have been made to me to finance my education. I also certify that (1) I have no consolidation loan application pending with another lender and (2) if Sallie Mae does not hold any of my loans selected for consolidation in the section above or (if I have checked yes in the box above) any of my HEAL loans, I have sought and been unable to obtain a consolidation loan from the holder(s) of the loans for consolidation. I further certify that I do not owe a refund on any Pell Grant or Supplemental Educational Opportunity Grant, and that I am not in default on any GSL, Perkins/NDSL, ALAS/SLS, PLUS, or consolidation loan.

I certify that the above information is true and correct. I have read the material and understand my rights and responsibilities under the loan consolidation program.

This application/promissory note will be governed by Federal law applicable to consolidation loans.

**CRIMINAL PENALTIES**

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment under the United States Criminal Code and Section 490 of the Act.

18. APPLICANT SIGNATURE x [signature] DATE 2/18/88

SLMA-3

**PERMISSION TO VERIFY LOAN BALANCES**

To Whom It May Concern: I hereby authorize you to release to Sallie Mae, for purposes of verifying student loan information in order that I may consolidate my student loans into a consolidation loan or enter into a combined payment plan pursuant to the Higher Education Act of 1965, as amended, any information concerning my student loans that Sallie Mae requests in connection with such loan consolidation or combined payment plan. This information is for the use of Sallie Mae in consolidating my student loans or reissuing my HEAL loans as part of a combined payment plan. A copy of this authorization may be deemed to be an original.

Your prompt reply and cooperation will help to expedite my loan consolidation. Thank you.

19. APPLICANT SIGNATURE x [signature] DATE 2/18/88 SOC SEC NO.

EXHIBIT B

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #1 OF 1

Monica S. Willens
AKA: Monica Grossbaum
450 N. End Ave.
New York, NY 10282
Account No:XXXXX9788

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08/15/11.

On or about 02/18/88, the borrower executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from SallieMae, Merrifield, VA. This loan was disbursed for $12,682.07 on 03/22/88, at 9.00 percent interest per annum. The loan obligation was guaranteed by New York State Higher Education Service Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $1,237.89 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 08/25/95, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $11,727.69 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 09/10/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $4,286.93 |
| Interest: | $2,237.30 |
| | |
| Total debt as of 08/15/11: | $6,524.23 |

Interest accrues on the principal shown here at the rate of $1.06 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: ___10/12/11___                    _____
                                                Loan Analyst
                                                Litigation Support


                                                Peter La Roche
                                                Loan Analyst